IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THEO M. and M.M., <br><br>    Plaintiffs, <br>v. <br><br>BEACON HEALTH OPTIONS, INC.; and CHEVRON CORPORATION MENTAL HEALTH AND SUBSTANCE ABUSE PLAN, <br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART MOTION FOR AWARD OF ATTORNEY'S FEES AND COSTS** <br><br>Case No. 2:19-cv-00364-JNP-DBP <br><br>District Judge Jill N. Parrish <br><br>Magistrate Judge Dustin B. Pead |

Before the court is a motion for award of attorney's fees and costs filed by Theo M. and M.M. (collectively, "Plaintiffs"). For the reasons set forth below, the court GRANTS Plaintiffs' motion and orders Beacon Health Options, Inc. ("BHO") and Chevron Corporation Mental Health and Substance Abuse Plan (collectively, "Defendants") to pay Plaintiffs $51,460 in attorney's fees and $400 in costs.

## BACKGROUND

Plaintiffs brought this action pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"). 29 U.S.C. § 1001, *et. seq.* Theo M. was a participant in the Chevron Mental Health and Substance Abuse Plan ("the Plan"), an employee welfare benefits plan. M.M. was a beneficiary of the plan. BHO is the Plan's named fiduciary and designated claims administrator. Plaintiffs sought care for M.M.'s mental health condition at two residential treatment centers. First, M.M. received treatment at Aspiro Adventures. Subsequently, he transferred to Daniels Academy, where he received additional care. BHO denied coverage for both periods of treatment. Plaintiffs appealed the denial of benefits and BHO upheld its denial determination through two internal

appeals of each claim. Plaintiffs brought an action for recovery of benefits under ERISA, alleging this denial required their insurer to pay unreimbursed expenses.

Both parties moved for summary judgment after the filing of the complaint in this case. The court denied Defendants' motion while granting in part and denying in part Plaintiffs' motion. ECF No. 72. The court found BHO's denial of benefits was arbitrary and capricious. *Id*. at 26, 31. Specifically, BHO had (1) failed to adequately explain its reasons for denying Plaintiffs' claims and (2) disregarded the opinions of M.M.'s treating professionals. *Id*. at 26. The court reversed and remanded the case to BHO for reconsideration. *Id*. at 36.

In its order, the court denied Plaintiffs' request for prejudgment interest. *Id*. However, it found an award of attorney's fees and costs appropriate because BHO bore culpability for failing to properly assess Plaintiffs' claims, because BHO failed to "properly adjudicate Plaintiffs' claims when it owes its members a fiduciary duty," and because BHO arbitrarily and capriciously denied Plaintiffs benefits. *Id*. at 35. Additionally, the court concluded that BHO could satisfy an award of fees and the award would encourage BHO to follow ERISA's regulations and requirements. *Id*. at 35-36. In response to the court's order, which requested that Plaintiffs' counsel submit a petition for fees and costs, Plaintiffs' counsel submitted the motion at issue in this memorandum decision. ECF No. 74.

## LEGAL STANDARD

In an ERISA action, "the court in its discretion may allow a reasonable attorney's fee and costs of action to any party." 29 U.S.C. § 1132(g)(1). In the Tenth Circuit, "[a] fee claimant need not be a prevailing party to be eligible for an award of attorney's fees and costs under ERISA." *Cardoza v. United of Omaha Life Ins. Co.*, 708 F.3d 1196, 1207 (10th Cir. 2013) (citing *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242 (2010)). Instead, a district court has the discretion to award fees "as long as the fee claimant has achieved 'some degree of success on the merits.'"

2

*Id.* at 1207 (10th Cir. 2013) (quoting *Hardt*, 560 U.S. at 255). To decide whether a fee claimant is deserving of an award of attorney's fees and costs, a district court "may consider" five different factors:

> (1) the degree of the opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy an award of fees; (3) whether an award of fees would deter others from acting under similar circumstances; (4) whether the party requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions.

*Id.*

When issuing an award of attorney fees in ERISA cases, courts use the hybrid lodestar method to determine the amount of fees to be awarded. *Carlile v. Reliance Standard Life Ins. Co.*, No. 2:17-cv-01049, 2019 WL 8128545, at *1 (D. Utah Dec. 31, 2019) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The hybrid lodestar method consists of "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.* (internal quotation marks omitted.) "The reasonable hourly rate is the 'prevailing [rate] in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.'" *Id.* (alteration in original) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)). When determining whether an hourly rate is reasonable, the court may consider affidavits of counsel, non-party attorney affidavits, and the court's own knowledge. *Id.*

It is counsel for the moving party's burden to establish that the billed hours they request were "reasonably expended" by providing the court with "meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks." *Id.* (internal quotation marks omitted). The court "must ensure the attorneys exercised billing judgment." *Id.* (internal quotation marks omitted). This requires counsel to "make a good faith effort to exclude from a fee request

hours that are excessive, redundant, or otherwise unnecessary." *Richards v. C&C Sheet Metal*, No. 2:18-cv-00448, 2019 WL 2329502, at *3 (D. Utah May 30, 2019) (quoting *Hensley*, 461 U.S. at 434). "The court must also consider the degree of the plaintiffs' success" in the case in assessing the reasonableness of the fee amount sought. *Id*. at *3.

Regarding costs, 28 U.S.C. § 1920 sets forth the items, including filing fees, that may be recovered as costs in an ERISA action. 28 U.S.C. § 1920; *see also Allison v. Bank One-Denver*, 289 F.3d 1223, 1248 (10th Cir. 2002), *as amended on denial of reh'g* (June 19, 2002). The court "has no discretion to award items as costs that are not set out in section 1920." *Sorbo v. United Parcel Service*, 432 F.3d 1169, 1179 (10th Cir. 2005) (internal quotation marks omitted).

## ANALYSIS

Plaintiffs request an award of $63,800 in attorney fees. ECF No. 74 at 6. This amount consists of 87.5 hours of Brian King's work at a billable hourly rate of $600 per hour, 15.5 hours of Brent Newton's work at a billable hourly rate of $320 per hour, and 25.6 hours of Samuel Hall's work at a billable hourly rate of $250 per hour. *Id*. at 3, 6. Defendants oppose Plaintiffs' motion, arguing that an award of attorney's fees is inappropriate because Plaintiffs did not achieve success on the merits, because the issue is not yet ripe for adjudication, and because the court incorrectly applied the five-factor test for awarding attorney's fees in its summary judgment memorandum decision. Defendants also ask for a reduction in fees if the court decides that an award is appropriate. To support this request, they argue that King's proposed hourly rate is unreasonable, that the number of hours King billed is excessive, and that the overall dollar amount billed is unjustified given Plaintiffs' limited success on the merits. The court addresses each argument in turn.

4

I.  APPRORIATENESS OF AWARDING ATTORNEY'S FEES

A.  SUCCESS ON THE MERITS

Defendants argue that, despite the previous memorandum decision's holding that Plaintiffs are due attorney's fees and costs, it is inappropriate for the court to order payment of attorney's fees because Plaintiffs have not yet achieved "some degree of success on the merits." *Cardoza*, 708 F.3d at 1207 (quoting *Hardt*, 560 U.S. at 245). The Tenth Circuit has not clearly articulated guidelines for determining when a litigant has achieved "some degree of success on the merits" in the ERISA context, but Defendants cite to the unpublished decision in *Manna v. Phillips 66 Co.* to contend that a remand order by itself does not meet this requirement. 820 F. App'x 695 (10th Cir. 2020). In *Manna*, the court determined that it could not "say that a remand order alone constitutes some success on the merits." *Id*. at 703.

But *Manna* does not help Defendants' case for avoiding attorney's fees. Here, there *are* factors beyond the court's remand order that support an award of fees. In addition to remanding BHO's denials for further review, this court previously found that BHO ignored M.M.'s treatment providers' opinions and failed to adequately explain its reasoning when denying coverage. These findings led the court to conclude that BHO's decisions were arbitrary and capricious. District courts routinely hold that a determination that an insurer has arbitrarily and capriciously rejected a claim, paired with a remand, is enough to warrant an award of attorney's fees. *See, e.g., Chandhok v. Companion Life Ins. Co.*, 556 F. Supp. 3d 1192 (D.N.M. 2021) (meticulously explaining why courts should not stingily apply the "some success" standard); *Raymond M. v. Beacon Health Options, Inc.*, No. 218-cv-00048, 2021 WL 764077, at *4 (D. Utah Feb. 26, 2021), *appeal dismissed*, No. 21-4041 (10th Cir. Jan. 31, 2022) (holding that an order of remand and a finding that BHO's denial was arbitrary and capricious was sufficient to award attorney's fees).

5

Defendants also argue that Plaintiffs did not achieve some success on the merits because this court found that BHO's decisions to deny Plaintiffs' claims were "were not categorically unreasonable" and declined to state that BHO acted in bad faith. ECF No. 75 at 3. But these facts are irrelevant. There is no case law requiring a showing of unreasonability or bad faith in order to justify an award of attorney's fees. Additionally, Defendants ignore this court's clear statement that it "is sympathetic to the argument that BHO's denials could not be supported by substantial evidence in the record." ECF No. 72 at 33. In short, while the court did not reverse BHO's denial of benefits, Plaintiffs clearly achieved some success on the merits.

### B. RIPENESS

In the Tenth Circuit, "a decision regarding attorney's fees is premature" when a "district court cannot properly apply the five-factor *Gordon* test . . . [because] it remains to be seen whether [the plaintiff] is entitled to benefits under the plan." *Graham v. Hartford Life and Accident Ins. Co.*, 501 F.3d 1153, 1162 (10th Cir. 2007). Here, Defendants contend that the case is not ripe for an award of attorney's fees because the court cannot ascertain the answer to each of the five questions posed by the *Gordon* test. Specifically, Defendants argue that the court cannot know if Plaintiff has achieved success on the merits until BHO has issued its post-remand coverage decision.

Though *Graham* establishes a presumption against an early application of the five-factor test, there is no "per se rule that attorney's fees are inappropriate whenever a district court decides to remand a claim to the plan administrator rather than ordering benefits directly." *Id.* at 1163. Instead, "[t]he judicial discretion provided by 29 U.S.C. § 1132(g)(1) and our five-factor *Gordon* test permit a court, in the right case, to reward plaintiffs for holding plans accountable under ERISA," even when the court has not awarded the plaintiffs the benefits they claimed. *Id.* A district

6

court may exercise this discretion when it finds that a defendant has committed "egregious violations of ERISA's procedural protections." *Id*.

Here, BHO egregiously violated ERISA's procedural requirements. The company had several opportunities to provide Plaintiffs with a coherent reason for denying their claims, yet it never once supplied a sufficient justification. BHO also failed to seriously consider the recommendations of M.M.'s treating professionals, a basic necessity in the claims administration process. While the court never ruled that BHO acted in bad faith when it failed to properly adhere to ERISA's procedural requirements, this does not mean that BHO's decisions were not egregious. In fact, in its memorandum decision, the court made the case that BHO's behavior was egregious by stating that the company's repeated failure to "properly adjudicate Plaintiffs' claims when it owes its members a fiduciary duty favors the awarding of attorney's fees and costs." ECF No. 72 at 35. It also found that BHO had "not lived up to its duty 'to seek out the information necessary for a fair and accurate assessment of the claim.'" *Id*. (citing *Rasenack v. AIG Life Ins. Co.*, 585 F.3d 1324 (10th Cir. 2009)). Because BHO's conduct egregiously violated ERISA's procedural requirements, the court exercises its discretion to find that this case is ripe for an award of attorney's fees.

C. FIVE-FACTOR TEST

Defendants additionally contend that the court should re-evaluate its flawed application of the five-factor test in its summary judgment memorandum decision. To decide whether a claimant ought to receive attorney's fees, a district court "may consider" five different factors: (1) the degree of the opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy an award of fees; (3) whether an award of fees would deter others from acting under similar circumstances; (4) whether the party requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits

of the parties' positions. *Cardoza*, 708 F.3d at 1207 (citing *Gordon v. U.S. Steel Corp.*, 724 F.2d 106, 109 (10th Cir. 1983)). The court now responds to Defendants' criticism of its previous ruling by re-examining each of the five factors in turn.

1. **Degree of Culpability or Bad Faith**

Defendants challenge this court's award of attorney's fees by contending that the first factor does not favor Plaintiff because the court did not find that BHO acted in bad faith. This argument is flawed. This factor is not just the "bad faith" factor, it is the "bad faith *or* culpability" factor. *Cardoza*, 708 F.3d at 1207. In the District of Utah, courts have determined that a plan administrator "acted *culpably* by applying the wrong criteria in evaluating the medical necessity of [plaintiff's] residential care, ignoring the opinions of [plaintiff's] treating physicians, and proposing post hoc rationale to justify the denial of the Plaintiffs' claims." *James F. ex rel. C.F. v. CIGNA Behavioral Health, Inc.*, No. 1:09-cv-70, 2011 WL 2441900, at *2 (D. Utah June 15, 2011) (emphasis added). This interpretation of culpability (and the first prong of the five-factor test) is reasonable "because it recognizes that parties often may not act with malice or guilty purpose in denying claims for benefits, but nevertheless, may act in such a way that is wrong or irresponsible." *Chandhok*, 556 F. Supp. 3d at 1222. Here, like in *James F.*, BHO irresponsibly ignored M.M.'s treatment providers and did not provide rationale to justify the denial of Plaintiffs' claims. This is enough for a finding of culpability. This factor favors an award to Plaintiffs.

2. **Ability of Defendants to Satisfy Award**

Defendants do not argue that they are financially unable to satisfy the award of fees. Consequently, this factor favors an award to Plaintiffs.

3. **Deterrent Effect**

Defendants contend that their conduct is not an example of conduct that requires deterrence because they did not engage in systematic violations of ERISA and did not act in bad faith. The

court disagrees. Defendants ignore the court's memorandum decision's specific finding that "the insurance industry appears to need a strong push to engage in 'meaningful dialogue' with future claimants for RTC treatment in Utah." ECF No. 72 at 35. They also fail to engage with the fact that similar cases involving denied claims for RTC treatment in Utah constantly come before this court, ending with summary judgment for plaintiffs. *Id*. at 35 n.9 (citing *Raymond M. v. Beacon Health Options, Inc.*, 463 F. Supp. 3d 1250 (D. Utah 2020); *David P. v. United Healthcare Ins. Co.*, 564 F. Supp. 3d 1100 (D. Utah 2021); *Michael D. v. Anthem Health Plans of Kentucky, Inc.*, 369 F. Supp. 3d 1159 (D. Utah 2019)). Finally, they ignore the fact that courts in the District of Utah routinely decide that an award of fees and costs is proper when the goal is to encourage claim administrators, including BHO, "to follow ERISA's minimum procedural regulations and engage in a 'meaningful dialogue' with claimants in the future."[1] *Raymond M.*, 463 F. Supp. 3d at 1287 (citing *Michael D.*, 369 F. Supp. 3d at 1179). Thus, the court finds that this factor favors an award to Plaintiffs.

### 4. Benefit to All Participants

Defendants also maintain that Plaintiffs are the only plan members implicated by the Court's decision, therefore, "there were no benefits conferred on, or that directly affected, other parties." *Gunderson v. Metro. Life Ins. Co.*, 2:10-cv-00050, 2011 U.S. Dist. LEXIS 138072, at *17 (D. Utah Dec. 1, 2011). The court agrees that this case only pertains to Plaintiffs' particular claims

---

[1] Defendants argue that deterrence is unnecessary because it is unclear if their failure to engage with treating professionals was required by ERISA because the issue of whether claims administrators must engage with treating professionals under ERISA is up for review before the Tenth Circuit. *See D. K. v. United Behav. Health*, Case No. 21-4088 (oral argument held Oct. 27, 2022). Since the parties submitted briefing in this matter, the Tenth Circuit has decided this appeal. They sided against the insurer, holding that if an insurer "arbitrarily refused to credit and effectively 'shut their eyes' to the medical opinions of . . . treating physicians, it acted arbitrarily and capriciously." *D. K. v. United Behav. Health*, 67 F.4th 1224, 1237 (10th Cir. 2023).

and does not affect those of other plan participants. Thus, "this factor does not weigh towards an award of reasonable attorney's fees and costs to [Plaintiffs]; however, this conclusion does not preclude an award of fees to [Plaintiffs] because the Tenth Circuit holds that no single factor is determinative in guiding the [c]ourt's discretion of whether to award fees." *Chandhok*, 556 F. Supp. 3d at 1225 (citing *Cardoza*, 708 F.3d at 1207).

  5. **The Relative Merit of the Parties' Positions**

Defendants finally argue that because the court declined to award a retroactive reinstatement of benefits or prejudgment interest, Plaintiffs' claims are not meritorious enough to support an award of fees and costs. Specifically, Defendants once more contend that "[c]ourts have determined that a remand order, without more, does not meet the requirement for 'some success on the merits.'" ECF No. 75 at 9 (citing *Graham*, 501 F.3d at 1163). But as already explained, in addition to remanding the claim, the court made several additional findings favoring Plaintiff. This included a finding that BHO's conduct was arbitrary and capricious. Ultimately, Plaintiffs have achieved relative success on the merits and this factor favors an award of attorney's fees.

Because four out of the five factors favor Plaintiffs, the court will award attorney's fees at this stage of litigation.

  II.  **BILLING DISPUTES**

Although both parties agree the hybrid lodestar method is the appropriate method for determining the award of fees, they disagree as to the reasonableness of the rates claimed and hours billed by Plaintiffs. The court resolves each disagreement in turn.

  A.  BILLABLE RATE

Defendants argue that the $600 per hour rate sought by King is unreasonably high. Courts in this district generally use a relevant market analysis when determining attorney fees in ERISA cases. *See James C. v. Aetna Health & Life Ins. Co.*, No. 2:18-cv-00717, 2021 WL 76162, at *1

10

(D. Utah Jan. 8, 2021); *Carlile*, 2019 WL 8128545, at *1; *Raymond M.*, 2021 WL 764077 at *3. Under this framework, a "reasonable rate is the prevailing market rate in the relevant community." *Malloy v. Monahan*, 73 F.3d 1012, 1018 (10th Cir. 1996). Here, the relevant community is Salt Lake City, Utah. Courts must also consider the experience, skill, and reputation of the attorney when deciding a reasonable rate. *Blum v. Stenson*, 465 U.S. at 895, n.11.

To establish the market rate for King's services, Plaintiffs provide affidavits from attorneys in Utah and other jurisdictions affirming that King's $600 per hour rate is typical for an ERISA attorney of King's experience. ECF Nos. 74-4; 74-6; 74-7; 74-8; 74-9; 74-10. Plaintiffs also provide an affidavit from one of King's former hourly clients, establishing that King previously charged and collected a rate of $600 per hour. ECF No. 74-5. Defendants counter that King's proposed rate is unreasonable because it is substantially based on affidavits provided by out of market attorneys, because it relies on the affidavit of a local attorney who, in actuality, stated that $600 was a high rate in the Salt Lake City market,[2] and because courts in the District of Utah have consistently found that $600 per hour is an excessive rate for King. The court is persuaded by Defendants' final argument.

In three recent cases in the District of Utah, courts found that $600 per hour is an excessive rate for King's ERISA work. In *D.K. v. United Behavioral Health*, the court held that "[g]iven Mr. King's experience and the complexity of ERISA cases, $450 per hour is a reasonable rate for Mr. King." No. 2:17-cv-1328, 2021 WL 4060937, at *3 (D. Utah Sep. 7, 2021). In *James C. v. Aetna Health & Life Ins. Co.*, the court concluded that "that a reasonable hourly rate in this community

---

[2] "Although this was a high rate based on my own knowledge of the legal market here in Salt Lake City where I practice, it was worth paying Mr. King at that rate because I recognized how specialized and difficult ERISA was and because I knew of no one else in the state of Utah who regularly represented claimants pursuing denied health insurance claims under ERISA." ECF No. 74-5 at ¶ 4.

11

for a highly experienced ERISA practitioner such as King is $450 per hour." 2021 WL 76162, at *1. And in *Raymond M. v. Beacon Health Option*s, the court found that "$450 per hour is a reasonable rate for Mr. King." 2021 WL 764077 at *3. The relevant courts made each of their findings in 2021. This court adopts the reasoning provided in these cases and notes that in the two years since each was decided there is no indication that the specific legal market for ERISA attorneys in Salt Lake City has substantially changed. Still, this court does recognize that because of rapid inflation after the COVID-19 Pandemic, the cost of living in Utah has increased and $450 is a lower relative rate than it was in early 2021. Thus, accounting for the economic developments of the past two years, the court finds that a $500 per hour rate is appropriate for an attorney of King's skill and experience level in an ERISA case in the Salt Lake City legal market.

Defendants do not oppose Newton or Hall's proposed billing rate and the court finds that they are reasonable.

### B. HOURS BILLED

To justify the hours they hope to bill Defendants, King, Newton, and Hall provide time sheets detailing the work they performed for Plaintiffs throughout the course of this litigation. ECF No. 74-1, 74-2, 74-3. Defendants do not question the reasonability of the hours Newton and Hall submitted to the court, but they do argue that King listed excessive hours. Defendants contend that the significant amount of time King claimed that he worked "does not reflect Mr. King's experience in working on such motions on a regular basis." ECF No. 75 at 12. Specifically, they highlight the 14.3 hours King billed for preparing this motion for attorney's fees and costs as hours the court should discount from King's total billable hours.

Upon review, King's time entries are largely reasonable. It is not excessive to bill 87.5 hours over the course of a case spanning more than three years, especially given the factual complexity of ERISA litigation and the filing of cross motions for summary judgment. But the

14.3 hours King billed for a routine attorney's fee motion are high. In a previous case in which King served as counsel, the court found that total billing of 11.8 hours between two attorneys (King and one of his associates) for a motion for attorney's fees and costs was excessive. *See Raymond M.*, 2021 WL 764077, at *4. It reduced the hours for this work to 6.5 hours. *Id*. Here, the court once more finds that this "relatively simple and routine motion" does not warrant a large expenditure of time. *Id*. For this reason, the court reduces King's total billable hours by 7.3 hours to 80.2 hours.

### C. LIMITED SUCCESS

If "a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount." *Hensley*, 461 U.S. at 436. Defendants argue that the court should reduce any award of attorney's fees because Plaintiffs have achieved only limited success at this point in litigation. While Plaintiffs sought a retroactive reinstatement of benefits, prejudgment interest, and attorney's fees and costs, they only secured a remand of BHO's decisions with attorney's fees and costs.

The court declines to reduce its award of attorney's fees even though it only partially granted Plaintiffs' motion for summary judgment. In the District of Utah, when a fee claimant has prevailed "at the critical stages of the case" it is unnecessary to reduce the fee "for failure to obtain a particular type of relief." *Atwood v. Swire Coca-Cola*, No. 2:03-cv-1014, 2007 WL 895103, at *2 (D. Utah Mar. 22, 2007) (declining to reduce an award of fees where the court granted equitable relief instead of the monetary damages originally requested). Here, Plaintiffs prevailed at a critical stage when the court found that BHO's denial of benefits was arbitrary and capricious and remanded BHO's decision. ECF No. 72. The fact that the court only remanded BHO's decision in no way diminishes the significance of Plaintiffs' success on the merits because remand was the core remedy Plaintiffs requested. Regardless of whether Plaintiffs requested more, this court has

13

also previously chosen not to reduce fees when a plaintiff merely obtained a remand of his adverse decision. *See Raymond M.*, 2021 WL 764077, at *4 (holding that reversing and remanding is enough to justify a decision not to reduce attorney's fees). Ultimately, the court declines to exercise its discretion to reduce attorney's fees further.

### III. COSTS

In its memorandum decision on summary judgment, the court stated that it would award Plaintiffs costs, as permitted by 28 U.S.C. § 1920. ECF No. 72 at 36. Plaintiffs now seek $400 in costs, attributable to the filing fee. Filing fees are considered a cost under 28 U.S.C. § 1920. *See, e.g., Morrison v. Express Recovery Servs.*, No. 1:17-cv-00051, 2020 WL 3791893 (D. Utah July 7, 2020); *Vivint, Inc. v. Bailie*, No. 2:15-cv-00685, 2018 WL 671217 (D. Utah Jan. 31, 2018); *Raymond M.*, 2021 WL 764077. Accordingly, the court awards Plaintiffs $400 in filing fees.

### CONCLUSION

The court GRANTS IN PART and DENIES IN PART Plaintiffs' motion. The court reduces Plaintiffs' requested award for attorney's fees and ORDERS Defendants to pay Plaintiffs $51,460 in attorney's fees and $400 in costs.

DATED July 27, 2023

BY THE COURT

Jill N. Parrish
United States District Court Judge